

FILED

99 JUL 15 PM 1: 25

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| LIBERTE CAPITAL GROUP, LLC, | ) | Case No. 5:99 CV 818 |
| | ) | |
| Plaintiff, | ) | Judge David D. Dowd, Jr. |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES A. CAPWILL, et al., | ) | <u>JUDGMENT ENTRY</u> |
| | ) | <u>APPOINTING RECEIVER</u> |
| Defendants. | ) | |

This Judgement Entry is in furtherance of, and consistent with, the Court's July 2, 1999,

Memorandum opinion and Order granting Intervenors' Motion For The Emergency

Appointment Of A Receiver, the request for appointment of a Receiver contained therein, to take

charge of the property of Defendants Viatical Escrow Services, LLC ("VES") and Capital Fund

Leasing ("CFL"). The Court, being duly advised in the premises, finds as follows: that it is

beneficial for a Receiver to be forthwith appointed as requested by Intervenors to take charge of

the assets belonging to VES and CFL, to manage those assets and to see to the proper

administration and, where appropriate, eventual sale of said assets and distribution to creditors in

order of the legal priorities and that, in the interim, litigation among the parties to this action be

stayed except upon conditions that may be set by the Court.

**EXHIBIT**

tabbies®

B

132

(5:99 CV 818)

The objective of the receivership is to preserve and increase the estate for the benefit of all the creditors, investors, owners and parties to this case. The Receiver should not attempt an immediate liquidation of assets if it would be more prudent to maintain an asset in its current state.

It is, therefore, ORDERED, ADJUDGED and DECREED that Frederick M. Luper, who is not a party, attorney or interested person in this matter, be and hereby is appointed Receiver to oversee and to administer the business and assets of VES and CFL:

<ul>
<li>(a) to take and maintain exclusive and complete custody, control and possession of all the assets belonging to VES and CFL at a place suitable to the Receiver (including, if space permits, the Cleveland, Ohio office of Porter, Wright, Morris and Arthur), and to make any court or other filings appropriate to exercise such custody, control and possession;</li>

<li>(b) if advisable, to obtain an appraisal of some or all of the assets of VES and CFL;</li>

<li>(c) to sell the assets of VES and CFL, including real property, on terms, provisions and conditions as shall be prescribed pursuant to further order of the Court;</li>

<li>(d) to satisfy the claims of creditors, including investors and other parties, in the order of legal priority;</li>

<li>(e) to perform an accounting of VES and CFL property, including the making of recommendations to the Court regarding findings of fact and</li>
</ul>

2

(5:99 CV 818)

conclusions of law on all claims among the parties with respect to VES and CFL;

(f)    to employ such employees, agents and accountants as the Receiver deems advisable in the conduct of this Receivership, including partners and associates of Receiver's law firm;

(g)    to incur such expenses and make such disbursements as may be necessary for the care, maintenance and preservation of the Receivership property, including the power to make payment for utilities, insurance and other routine expenses for the period commencing with the appointment of the Receiver;

(h)    upon application and approval by the Court, to institute, prosecute, defend, intervene in, become party to, compromise or settle all such cases and proceedings as are in the Receiver's opinion necessary or proper to preserve or protect the Receivership property or to carry out the terms of this Order, whether such cases and proceedings are now pending or hereafter brought by or against the Receiver in his capacity as Receiver of VES and/or CFL, against VES, or against CFL in state or federal courts or administrative agencies or other forums;

(i)    to collect any and all rents, income, profits or other income arising from the operation and any sale of the assets or property held by, owned by, in the possession or control of VES and CFL and invest those monies only in direct federal government obligations or federally insured bank accounts;

(5:99 CV 818)

    (j)    to set up necessary bank accounts for repayment of the investments of the

foregoing parties;

    (k)    to track funds that were invested and escrowed with VES and then

channeled into CFL and determine the appropriate course of action for

those funds;

    (n)    to make necessary deposits into premium escrow accounts, subject to the

availability of funds;

    (o)    to assist in any efforts to settle the case if so requested by the parties;

    (p)    to pay such of VES's employees that the Receiver hires to assist him in the

aforementioned duties;

    (q)    to pay premiums on insurance policies as they become due, to the extent

funds are available;

    (r)    to check that any escrow agents replacing VES have proper contracts and

are properly bonded and insured to protect the investors;  and

    (s)    to otherwise manage, maintain and protect the assets of VES and CFL.

It is further ORDERED, ADJUDGED and DECREED that the Receiver post a bond

issued by CNA in the sum of two million dollars ($2,000,000.00).  The cost of obtaining a bond

may be taxed as costs at the conclusion of this lawsuit, on condition that the Receiver has

faithfully and truly performed the duties of his office, duly accounted for all monies and

properties that have come into his hands, and abided by and performed all things that he has been

directed to do.

(5:99 CV 818)

It is further ORDERED, ADJUDGED and DECREED that the Receiver shall be compensated at such rate as the Court shall approve, not to exceed $250 per hour, for his time expended in holding and liquidating the assets and recovering and collecting the proceeds thereof; that, in addition to such hourly compensation, the Receiver shall be reimbursed in full for any and all reasonable and necessary expenses incurred by him in the course of discharging his responsibilities hereunder.

It is further ORDERED, ADJUDGED and DECREED that the Receiver shall submit to this Court with copies to respective counsel for the parties hereto not later than the 14th day of each calendar month a written monthly report (the "Monthly Report") of time expended and reasonable and necessary expenses incurred by him in the performance of his responsibilities hereunder and an accounting of funds expended, funds paid to creditors and funds held by the Receiver; that, unless a specific written objection is filed with this Court by any party hereto within twenty (20) days following the Receiver's submission of any such Monthly Report, the Receiver shall be permitted to withdraw from the Receiver's Account, which the Receiver shall cause to be funded from the income referred to in subparagraph (i) above, the proper amount to compensate him for time expended and reimburse him for reasonable and necessary expenses incurred, as set forth above.

It is further ORDERED that all creditors, claimants, bodies politic, parties in interest, and all sheriffs, marshals, and other officers, and their respective attorneys, servants, agents, and employees, and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against said VES and/or CFL, or

(5:99 CV 818)

their property, or against the Receiver in any court. Said entities are further stayed from executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon, any property owned by or in the possession of the said Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of his duties in this proceeding with the exclusive jurisdiction of this Court over said properties and said Receiver.

It is further ORDERED that this Court's prior orders granting or continuing the temporary restraining order are hereby vacated and that James Capwill and his personal assets are hereby specifically released from any freeze, restraining order, garnishment or other court order.

It is further ORDERED that the Receiver notify all known creditors of VES and CFL of the receivership herein and said creditors are ordered to file sworn claims within sixty (60) days of the notice thereof or else be forever barred from asserting the same.

This Order shall be in full force and effect as of the date on which it is journalized with the Clerk of this Court.

IT IS SO ORDERED.

_____

Judge David D. Dowd, Jr.