*Copies hand-delivered 11/9/99 CP*

*Exhibits Under Seal #2631*

FILED
99 NOV -9 PM 12:09

[U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTE CAPITAL GROUP, LLC, :
    Plaintiff, :
     : Case No. 5:99 CV 818
vs. :
     : JUDGE DAVID D. DOWD, JR.
JAMES A. CAPWILL, et al., :
    Defendants. :

## AGREED ORDER

This matter came on for consideration upon the Motion of Frederick M. Luper, Receiver for Viatical Escrow Services and Capital Fund Leasing, for Extension of the Receivership to include assets of James A. Capwill, Capwill & Co., Capwill Construction, and CWN Group (hereafter collectively, "Capwill").. Capwill and the Receiver have agreed to the following findings of fact and Agreed Order:

    1.    A number of insurance policies procured by Alpha or Liberte and funded with Alpha or Liberte investors have James A. Capwill or Capwill & Co. as Trustee or nominee owner or beneficiary of the viatical irrevocable trusts.

    2.    Several brokerage accounts containing funds of Viatical Escrow Services and/or Capital Fund Leasing have been opened in the name of Mr. Capwill, individually, or Capwill &

EXHIBIT C

272

Co.. Recently the Court entered an Order authorizing the Receiver to have access to two accounts the Receiver has been able to identify in Everen Securities and First Montauk. The Receiver has identified other brokerages which have or had Capital Fund Leasing accounts. Those brokerages had refused to provide the Receiver with any information concerning accounts in Mr. Capwill's name or the name of Capwill & Co. until the Receiver obtained an Order of this Court.

3. James A. Capwill and Capwill & Co. have entered their appearance herein and consent to the relief granted in this Order.

4. Attorney Ken Rose of New York represented Mr. Capwill in transactions involving Noah and Agean. A Noah Cap receivable is on the books of Capital Fund Leasing for $2.2 Million, and there is little in the records of VES or CFL to explain the transaction.

5. The Receiver is investigating the propriety of rescission of many hundreds of insurance policies. First Columbian Mutual Life Insurance has declined to furnish information because "neither VES nor CFL appears [sic] to have privity of contract with regard to the policy . . ." Great Southern Life Insurance Co. has declined to provide the Receiver with information on 4 rescinded policies, stating, "I am not aware of any interest on the part of either of the entities in receivership in the listed insurance policies." All four of these policies have Capwill & Co. listed as the Trustee. Unless the Receiver is authorized to speak on behalf of Capwill & Co., he will be unable to obtain information to manage death benefit claims, rescissions, and liquidation of estate assets held in names other than VES and CFL.

6. The Receiver has identified brokerage accounts in Everen Securities, First Montauk Securities, Bear Stearns, Charles Schwab, Morgan Stanley and Morgan Stanley Dean Witter as brokerage houses which may have accounts in the name of Capwill & Co., and/or James Capwill that may be estate property.

7. The Receiver has identified bank accounts in Key Bank, First Star Bank fka Star Bank, and LaSalle National Bank, which may have accounts in the name of Capwill & Co., and/or James Capwill that may be estate property.

8. James Capwill, Capwill & Co., and CWN Group, LLC are separate entities and are entitled to maintain and keep their respective bank accounts and brokerage accounts for their own use and benefit, subject only to future claims by creditors, which may include the Receiver and the other parties in this case.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that:

1. The scope of the Receivership is hereby extended to cover all interests in any and all insurance policies funded by investors which Liberte Capital, LLC or Alpha Capital, LLC contacted, which are or were in the name of James A. Capwill, Capwill & Co., CWN Group or any other name, either as nominee owner or as trustee (or any other capacity) (the "Subject Policies"), for the purpose of managing and administering insurance policies in which one of the foregoing either is named as owner, beneficiary or Trustee, including, but is not limited to death claims, rescission issues, premium payment issues and anything else reasonably necessary in the management of these insurance policies. This excludes James Capwill's personal life insurance with Hartford Insurance Co., Policy No. 000 UFO834801. The scope of the Receivership is further extended to cover any and all interests in any bank accounts or brokerage accounts which are or were in the name of James A. Capwill, Capwill & Co., CWN Group, or any other name into which estate funds went, except the accounts listed in A and B.

2. The Receiver is authorized to direct each and every insurance company with a Subject Policy to change the ownership, beneficiary, and/or Trustee designation to "Frederick M. Luper, Receiver" and to change the address for sending mail regarding these policies to Receiver's office.

3

3. Upon receipt of a copy of this Order, any insurance company is authorized and directed to furnish the Receiver with all information concerning the viators (insureds), including but not limited to each and every fact (whether medical or otherwise) upon which such company relied in making underwriting or rescission decisions regarding the Subject Policies.

4. Any and all brokerages, including but not limited to Everen Securities, First Montauk, Bear Stearns, Charles Schwab, Morgan Stanley Dean Witter, and MAXUS, are authorized and directed to make available to the Receiver all information and documentation in their possession and control relating to James A. Capwill, Capwill & Co., CWN Group or any other name as nominee owner or trustee over any brokerage accounts. Such brokerages shall turn over any and all such information to the Receiver. Specifically excluded from this paragraph are the accounts listed on Exhibit A.

5. Any and all banks, including but not limited to Key Bank, First Star Bank, fka Star Bank, and LaSalle National Bank are authorized and directed to make available to the Receiver all information and documentation in their possession and control relating to James A. Capwill, Capwill & Co., CWN Group, or any other name either as nominee owner or as trustee for any bank accounts. Such banks shall turn over to the Receiver any and all information on such accounts. Specifically excluded from this paragraph are any payroll or operations or other accounts listed on Exhibits A and B hereto.

6. Attorney Ken Rose is authorized and directed to make available to the Receiver all information and documentation which he had in his possession and control on April 7, 1999, relating to James A. Capwill, Capwill & Co., CWN Group, or any other entity in which any of them has an interest relating to transactions involving Viatical Escrow Services, Capital Fund Leasing, James A. Capwill, or Capwill & Co., or any entity in which any of them has an interest, including but not limited to Noah Cap, Noah Financial, and Agean. James A. Capwill and

4

Capwill & Co. have waived the attorney-client privilege for the foregoing information. Any attorney-client relationship for activities between Mr. Rose as attorney and James A. Capwill and Capwill & Co. occurring after April 7, 1999 shall not be waived.

7. The Receiver and the parties to this Order agree, and the Court orders, that this Receivership shall not be extended in the future to cover (a) any entities controlled or owned, in whole or in part, by James a. Capwill, which are debtors of Capital Fund Leasing, LLC or Viatical Escrow Services, LLC, including but not limited to Noah Cap., Four Fellows Pub, Inc., Hudsons Crossings Holdings, LLC, Rainbow Properties, LLC, or CapAurora Properties, Capwill Construction, Capwill Real Estate Holdings, Capwill Properties or (b) James Capwill personally or CWN Group or Capwill & Company or any of their (a) bank accounts or brokerage accounts listed on Exhibits A or B hereto or (b) other assets, which are not now part of the receivership or (c) Noah Financial or the Agean Group, except if there are any misrepresentations contained in any exhibits provided by James A. Capwill or Capwill & Co. in connection with this Order. Nothing in this Order shall prohibit or limit the Receiver's authority to file a separate plenary suit against Mr. Capwill or Capwill & Co. for damages, injunctive relief or prejudgment attachment as provided under the Order Appointing a Receiver dated July 15, 1999, and to conduct full discovery therein.

8. Exhibits A and B shall be filed solely under seal and with the Court and shall not be revealed or shown to any party to this litigation or outside the litigation without Court Order issued only for good cause shown.

9. This Order does not expand the Receivership to cover James A. Capwill, personally, or CWN Group or Capwill & Co, but only covers the property specified elsewhere in this Order. However, the Receiver shall have full access to all information of property specified

elsewhere in this Order, even if it is in the name of James A. Capwill, CWN Group, or Capwill & Co. *except for the amounts listed on exhibits A & B*

10. The Receiver shall keep confidential any and all information which the Receiver obtains from any bank or brokerage house or any other party as a result or pursuant to this Order. Such information shall not be given to the other parties to this litigation or to any other parties other than the Receiver's professionals in his firm or Heinz Ickert or members of Mr. Ickert's firm without agreement of Capwill or Capwill & Co or an Order of the Court. Such information and the information on Exhibit A and B shall not be disclosed to Jenny Hale or Michelle Bryan without an order of the Court. This Order shall not prohibit Michelle Bryan access to those *^ INSURANCE* records necessary to administer premium payments, death benefit claims, and/or rescissions.

IT IS SO ORDERED.

Dated at Akron, Ohio, this 7th day of ~~October~~ *November*, 1999.

_____
MAGISTRATE JUDGE JAMES S. GALLAS

APPROVED:

_____
FREDERICK M. LUPER (0019289)
Receiver and Attorney for Receiver
LUPER, SHERIFF & NEIDENTHAL
50 West Broad Street, Suite 1200
Columbus, Ohio 43215
Telephone: (614) 221-7663


_____
DAVID C. TRYON (0028954)
Attorney for Capwill
PORTER, WRIGHT, MORRIS & ARTHUR
1700 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115
Telephone: (216) 443-9000

6