UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. JAVITCH, RECEIVER | ) | CASE NO.: 3:03CV7699 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| -vs- | ) | |
| | ) | |
| REASSURE AMERICA LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT REASSURE AMERICA LIFE INSURANCE COMPANY

Defendant, Reassure America Life Insurance Company ("Reassure"), by and through its undersigned counsel, hereby answers plaintiff's complaint and asserts affirmative defenses as follows:

1.  Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1, and the same are, therefore, denied.

2.  Denied as stated. Reassure, an Illinois corporation licensed to conduct business in the state of Ohio, is the successor in interest to The Midland Life Insurance Company.

3.  The averments of paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3, and the same are, therefore, denied.

4.  The averments of paragraph 4 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows:

PHLIT\484572\1

EXHIBIT F

Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4, and the same are, therefore, denied.

5. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5, and the same are, therefore, denied.

6. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6, and the same are, therefore, denied.

7. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7, and the same are, therefore, denied.

8. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8, and the same are, therefore, denied.

9. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10, and the same are, therefore, denied.

10. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10, and the same are, therefore, denied.

11. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11, and the same are, therefore, denied.

12. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12, and the same are, therefore, denied.

13. The averments of paragraph 13 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13, and the same are, therefore, denied.

14. With respect to the averments of paragraph 14, Reassure incorporates by reference, as if stated fully herein, its responses in paragraphs 1 through 13.

15. Admitted in part, denied in part. Reassure admits only that The Midland Life Insurance Company issued a $1,500,000 policy to Febus Grunberg under policy no. UA7233 (the "Policy"). The remaining allegations of paragraph 15 are denied, inasmuch as Reassure is without knowledge or information sufficient to form a belief as to their truth.

16. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16, and the same are, therefore, denied.

17. The averments of paragraph 17 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17, and the same are, therefore, denied.

18. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18, and the same are, therefore, denied.

19. Admitted.

20. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20, and the same are, therefore, denied. To the extent the averments of paragraph 20 involve the characterization of written documents, the averments are expressly denied, inasmuch as the written documents speak for themselves.

21. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21, and the same are, therefore, denied. To the extent the averments of paragraph 21 involve the characterization of written documents, the averments are expressly denied, inasmuch as the written documents speak for themselves.

22. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22, and the same are, therefore, denied. To the extent the averments of paragraph 22 involve the characterization of written documents, the averments are expressly denied, inasmuch as the written documents speak for themselves.

23. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23, and the same are, therefore, denied. To the extent the averments of paragraph 23 involve the characterization of written documents, the averments are expressly denied, inasmuch as the written documents speak for themselves.

24. Denied as stated. Reassure admits only that, shortly after issuance of the Policy to Febus Grunberg, Reassure received and processed change of ownership and beneficiary requests from Mr. Grunberg. In accordance with these requests, the Policy was changed to reflect "Febus Grunberg Irrev. Tr. dtd 9-13-98," as beneficiary and "Febus Grunberg Irrev. Tr. dtd 9-13-98" as owner. To the extent the averments of paragraph 24 involve the characterization of written documents, the averments are expressly denied, inasmuch as the written documents speak for themselves.

25. Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25, and the same are, therefore, denied.

26. The averments of paragraph 26 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: Reassure is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26, and the same are, therefore, denied.

27. The averments of paragraph 27 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: denied as stated.

28. The averments of paragraph 28 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: denied as stated.

29. The averments of paragraph 29 constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Reassure responds as follows: denied as stated.

30. Reassure denies all allegations not expressly admitted above.

## AFFIRMATIVE DEFENSES

### First Defense

31. The complaint fails to state a claim upon which relief may be granted against Reassure.

### Second Defense

32. Plaintiff's claims against Reassure are barred by the terms, conditions, provisions, and limitations of the Policy and applicable law.

### Third Defense

33. Plaintiff's claims against Reassure are barred by the applicable statute(s) of limitations.

### Fourth Defense

34. Plaintiff's claims against Reassure are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### Fifth Defense

35. In the event that plaintiff is successful in his request for a declaration that the Policy is *void ab initio*, the remedy sought by plaintiff – namely a return of all premiums paid to Reassure – would constitute an unjust enrichment in favor of plaintiff and against Reassure with respect to, among others, Reassure's expenditures of administrative costs, commissions, and other costs associated with the issuance of the Policy.

### Sixth Defense

36. Plaintiff lacks standing to prosecute this lawsuit against Reassure.

### Seventh Defense

37. Plaintiff's claims are barred by the doctrines of contributory negligence and assumption of the risk.

### Eighth Defense

38. Plaintiff's claims are barred by the doctrines of fraud and illegality.

### Ninth Defense

39. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

WHEREFORE, Reassure America Life Insurance Company respectfully requests this Court to enter judgment in its favor, and to award costs and such other and further relief as the Court deems appropriate.

Dated: May 7, 2004

/s/ John B. Schomer
John B. Schomer (#0055640)
**BRENNAN, MANNA & DIAMOND, LLC.**
75 East Market Street
Akron, Ohio 44308
(330) 253-5060
(330) 253-1977 (fax)
jbschomer@bmdllc.com

                                                Attorneys for Defendant, Reassure America Life
                                                Insurance Company

OF COUNSEL:

Stephen C. Baker
Jason P. Gosselin
John B. Dempsey
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19013-6996

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ John B. Schomer
                                                John B. Schomer (##55640)
                                                **BRENNAN, MANNA & DIAMOND, LLC.**
                                                75 East Market Street
                                                Akron, Ohio 44308
                                                (330) 253-5060
                                                (330) 253-1977 (fax)
                                                jbschomer@bmdllc.com