Doc. 997 Part-I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIBERTE CAPITAL GROUP, LLC, | ) | CASE NO. 5:99CV818 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| -vs- | ) | *MOTION TO INTERVENE BY* |
| | ) | *SOUTHWESTERN LIFE* |
| JAMES A. CAPWILL, et al., | ) | *INSURANCE COMPANY* |
| | ) | |
| Defendants. | ) | |

Southwestern Life Insurance Company ("Southwestern Life"), pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, moves the Court for leave to intervene in this matter pursuant to the Order dated March 15, 2001, filed in *United States of America v. J. Richard Jamieson, et al., Case No. 5:00 CV 7312* ("Jamieson Matter"), and the hearing held before that Court on March 14, 2001. Southwestern Life seeks to intervene to argue as follows:

> SUMMARY OF ARGUMENT: The Receiver seeks to sell Southwestern Life policies which: (1) have been adjudicated fraudulent and rescinded by court order; (2) were voluntarily rescinded by the policy holder due to fraud; or (3) have not yet been rescinded but may have been fraudulent (currently being investigated by Southwestern Life). The Receiver is attempting to profit from the frauds of others. The Receiver stands in the shoes of actions, which are at best fraudulent and at worst maybe criminal. The Receiver should not be allowed to further damage the victims of this fraudulent activity (Southwestern Life and other insurance companies). Finally, the Receiver seeks an order to require the return premiums where fraud has occurred. It is black letter law that the insured (and therefore the Receiver) has no right to the return of such premiums. *See Couch on Insurance 3d*, Section 79:40, p. 79-57.


EXHIBIT G

Justification for this Motion is set forth in the attached Memorandum in Support. Pursuant to Rule 24(c), a proposed Brief is also attached hereto.

Respectfully submitted,

s/ John B. Schomer
John B. Schomer (#0055640)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, Ohio 44308
(330) 253-5060
(330) 253-1977 (fax)
Counsel for Southwestern Life Insurance Co.

## MEMORANDUM IN SUPPORT

### I. BACKGROUND/FACTS

There were several pending motions filed in the Jamieson Matter concerning the Receiver's efforts to sell certain life insurance policies. *See* Jamieson Case Doc. Nos. 107, 101, 111, and 114. On February 13, 2001, the Court ordered that responses to some of those motions should be filed by February 16, 2001.

It is clear from the Receiver's correspondence to Southwestern Life (*see* Doc. No. 953) and the Receiver's List (Jamieson Case Doc. No. 107) that many of the policies were issued by Southwestern Life and/or its predecessors. These policies are allegedly subject to this action. Southwestern Life has an interest and should be entitled to intervene pursuant to Rule 24.

Southwestern Life has been diligently pursuing these matters in attempts to cancel and/or rescind these policies. (*See* Doc. No. 953) Southwestern Life has filed numerous lawsuits and there are numerous state court declaratory judgments that many of the subject policies have in fact been canceled. The Receiver's attempt to transfer these canceled policies necessitates the filing of this Motion and the appearance of Southwestern Life in this action.

The Receiver has also sought a court order that appears to attempt to require Southwestern Life to refund premiums when it is black letter law that those premiums are not recoverable by the insured or the Receiver. *See* attached Brief.

### II. LAW AND ARGUMENT

The Standard for Intervention Under Rule 24 is:

> On timely application an absentee shall be permitted to intervene if (1) he claims an interest relating to the property or transaction that is the subject of the action, and (2) he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless (3) his interest is adequately represented by existing parties.

7A. C. Wright and A. Miller, *Federal Practice and Procedure* § 1908 (1972). As demonstrated by this Motion, as a matter of right, Southwestern Life should be allowed to intervene in this matter.

First, it is undisputed that Southwestern Life has an interest in the policies at issue. (It issued some of the policies that the Receiver is trying to sell. *See* Jamieson Case, Doc. No. 107.) Second, Southwestern Life is situated such that disposition of this lawsuit may impair or impede its ability to protect its interests. The Receiver is attempting to order Southwestern Life to pay for premiums which are not due and which there is no duty or obligation to pay. The Receiver is also attempting to sell these fraudulently obtained and otherwise canceled policies. Clearly disposition of this suit may impair or impede Southwestern Life's ability to protect its interests.

Finally, the existing parties do not adequately represent Southwestern Life's interests. The parties are seeking to transfer the policies at issue and, while the U.S. Attorney is arguing on similar grounds for public policy reasons that the Receiver should not profit from the fraudulent conduct of the insureds, there is no party adequately representing Southwestern Life's interests. Southwestern Life has forwarded some of this information and the authorities to the U.S. Attorney, the U.S. Attorney is not representing the insurance companies in this action but has independent public policy reasons for the positions taken in this case. The parties do not adequately represent Southwestern Life's interests and therefore Southwestern Life should be allowed to intervene for the purpose of addressing the attempted transfer of as well as the attempt to force Southwestern Life to refund premiums when it has no legal or equitable duty to do so. *See Michigan State v.. Miller*, 103 F.3d 389 (6th Cir. Mich. 1997).

Respectfully Southwestern Life has only recently learned of these issues. The purpose for which this intervention is sought is solely on the issues concerning the Southwestern Life Insurance policies. It is only recently that Southwestern Life knew or should have known of the interests in this case were so affected by the Receiver. The Receiver is attempting to sell void and canceled policies. This Motion is timely. *See Cuyahoga Valley Railway Company v. Trace*, 6 F.3d 389 (6th Cir. 1993).

## CONCLUSION

Respectfully, the Court should grant Southwestern Life's Motion.

Respectfully submitted,

s/ John B. Schomer
John B. Schomer (#0055640)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, Ohio  44308
(330) 253-5060
(330) 253-1977 (fax)
Counsel for Southwestern Life Insurance Co.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2001, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John B. Schomer
John B. Schomer (##55640)
**BRENNAN, MANNA & DIAMOND, LLC.**
75 East Market Street
Akron, Ohio  44308
(330) 253-5060
(330) 253-1977 (fax)
jbschomer@bmdllc.com