I hereby certify that this instrument
is a true document no. 16 28 filed on 7/17/03
and correct copy of the electronically filed original
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

                        Plaintiff,                         Case No. 5:99 CV 818

            -vs-                                           O R D E R

JAMES A. CAPWILL, et al.,

                        Defendant.

KATZ, J.

Pending before the Court is the Alpha Capital Receiver's Motion for an Order of Clarification

(Doc. No. 1571) and the response of the Southwestern Life Insurance Company (Doc. No. 1618).

In attempting to manage the business aspects of Alpha Capital, coupled with the directive to

provide for the greatest economic benefit for Alpha investors, the Alpha Receiver has found himself at an

impasse when dealing with various insurance companies relative to Alpha policies. This is because the

Alpha portfolio consists of a number of viatical insurance policies titled in various names other than Alpha

Capital Group. According to the Alpha Receiver, an extensive investigation conducted by NorthEast

Escrow Services on behalf of the Receiver, has determined four categories of policies within the Alpha

portfolio, namely: (1) Alpha policies titled in the name of NorthEast Escrow Services; (2) Alpha policies



EXHIBIT

M

titled in the name of The Alliance for Recovery, Inc[1].; (3) Alpha policies in which titled owners have not yet been identified; and (4) Alpha policies which are titled in the names of a surrogate. Not surprisingly, when the Alpha Receiver attempts to acquire information relative to these policies, his efforts have been thwarted mainly because these policies do not reflect the name of the Alpha Capital Group on their face. To that end, the Alpha Receiver now requests an omnibus order to permit him to garner this information from the relevant insurance companies. Having determined a need for such an order, the Court grants the Alpha Receiver's Motion (Doc. No. 1571).

Accordingly, the Court, having previously authorized William T. Wulliger, the duly appointed Alpha Receiver, advises the insurers named in the attachment as follows:

(1) That the Alpha Receiver, William T. Wuliger, Esq., has full, complete and absolute right, title and interest to such policies as reflected in the attachment;

(2) Those insurance carriers whose names appear in the attachment shall recognize the authority of the Alpha Receiver, William T. Wuliger, as absolute owner and beneficiary of the policies set forth in the attachment, to act as full owner and custodian of those policies with the authority to sell, transfer, convey or assign rights to said policies howsoever the Alpha Receiver deems fit, consistent with this Court's orders.

---

[1] The Recovery Alliance, is an entity created by Alpha Capital for the purpose of rescuing policies for the benefit of Alpha investors. On May 22, 2002, the Court approved the purchase agreement between the General Receiver, Victor M. Javitch and the Recovery Alliance. (Doc. No. 1264.)

(3) Those insurance carriers, whose names appear in the attachment, shall provide information necessary for the Alpha Receiver to assess the value of the portfolio. The information, at a minimum, shall include: (a) the named insured; (b) the name of the owner of the policy; (c) the status of the policy; (d) the fact amount and value of the policy. The insurance carriers shall provide this information within a reasonable time to the Receiver and shall forward information relative to requests to the Receiver's agent, NorthEast Escrow Services LLC at 12550 Chillicothe Road, Chesterland, Ohio 44026 with respect to any of the policies of insurance on the attached list.

(4) In the event that any insurance carrier fails to comply fully with this Order, the Court will entertain the Alpha Receiver's motion for contempt and that company will be subject to appropriate sanctions for said contempt, as determined by this Court.

(5) The Alpha Receiver shall serve a certified copy of this Order and attachment thereto to the relevant insurance carrier from whom information is sought.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　_s/ David A. Katz_____
　　　　　　　　　　　　　　　　DAVID A. KATZ
　　　　　　　　　　　　　　　　U. S. DISTRICT JUDGE

3