IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, SOUTHWESTERN LIFE INSURANCE COMPANY, and VALLEY FORGE LIFE INSURANCE COMPANY, <br><br>Plaintiffs,<br><br>v.<br><br>ALPHA CAPITAL GROUP, LLC, LIBERTE CAPITAL GROUP, LLC, and WILLIAM T. WULIGER, as Receiver,<br><br>Defendants. | CASE NO. 05-117 (GMS) |

**PLAINTIFFS' EXPEDITED MOTION FOR EXTENSION OF THE TIME WITHIN WHICH PLAINTIFFS ARE PERMITTED TO RESPOND TO THE MOTION TO TRANSFER CASE OF DEFENDANT WILLIAM T. WULIGER**

Plaintiffs, by and through their attorneys, Drinker Biddle & Reath LLP, hereby move for an extension of the deadline to respond to the Motion to Transfer Case to the Northern District of Ohio filed by Defendant William T. Wuliger ("Mr. Wuliger"), and in support thereof aver as follows:

1. Plaintiffs filed this action in the Superior Court for New Castle County, State of Delaware, on January 13, 2005.

2. Mr. Wuliger was served with a copy of the complaint filed in state court on or about January 31, 2005.

3. Mr. Wuliger filed a Notice of Removal with this Court on February 28, 2005, and filed an "Amended Notice of Removal" on March 2, 2005. In his Notice of Removal, Mr. Wuliger averred that the case was removed on federal question and diversity of citizenship

WM\3722\1

- 2 -

grounds.  In his Amended Notice of Removal, Mr. Wuliger averred that the case was removed on supplemental jurisdiction grounds.

4. In the days after Mr. Wuliger purported to remove the action to this Court, Plaintiffs examined whether the subject matter jurisdiction of this Court had been properly invoked.  Plaintiffs concluded that jurisdiction had not been properly invoked.

5. This case does not implicate this Court's federal question jurisdiction or supplemental jurisdiction.  Removal would therefore only be proper on diversity of citizenship grounds and, because one of the defendants is a citizen of Delaware, removal was improper, and remand would be appropriate.

6. Plaintiffs therefore will file a motion to remand with this Court, respectfully requesting that this matter be remanded to Delaware state court.  Under the Federal Rules of Civil Procedure, Plaintiffs are permitted until March 30, 2005, to file their Motion to Remand, but will file their Motion to Remand on or before March 28, 2005.

7. On March 7, 2005, less than a week after filing his Amended Notice of Removal and without having filed any responsive pleading, Mr. Wuliger filed a Motion to Transfer Case to the Northern District of Ohio, Western Division.[1]

8. Under the Local Rules for the District of Delaware, Plaintiffs are required to file their brief in opposition to Mr. Wuliger's Motion to Transfer Case on or before March 17, 2005.

---

[1] On March 7, 2005, Mr. Wuliger also filed a motion for a thirty-day extension of time to file an answer to Plaintiffs' complaint, in which motion Mr. Wuliger averred that he had not had time to draft an answer and that he needed additional time to draft a purported counterclaim.  Mr. Wuliger did not first contact counsel for Plaintiffs to ask for such an extension; had he done so, Plaintiffs' counsel would have consented.  Beyond the courtesy involved, Plaintiffs do not object to the extension Mr. Wuliger seeks for the very reason Plaintiffs seek an extension here: the Court and the parties should not be put in the position of investing resources on motions and pleadings in this Court before the threshold decision of whether the case belongs here is resolved.

- 3 -

9. It is respectfully submitted that the interests of the Court and the parties would best be served by first addressing the issue of whether removal to this court was proper in the first instance, before potentially addressing the issues raised by a motion to transfer the case to a different district. It is respectfully submitted that proceeding in this manner would best conserve the resources of the Court and the parties, and would be the most efficient method of proceeding from a case management standpoint.

10. Therefore, Plaintiffs respectfully request that the time within which Plaintiffs are permitted to file a brief in opposition to Mr. Wuliger's Motion to Transfer Case be extended until on or before the expiration of ten (10) days after the date that this Court has ruled on Plaintiffs' Motion to Remand, if, in light of the resolution of the remand issue, any brief in opposition remains necessary.

11. Plaintiffs' counsel has contacted Mr. Wuliger and sought his consent to the instant motion for extension, but Mr. Wuliger has not, at this time, granted his consent.

12. Plaintiffs respectfully request that this Court consider the instant motion on an expedited basis, in light of the approaching existing deadlines.

WHEREFORE, Plaintiffs respectfully request that the time within which Plaintiffs are permitted to file a brief in opposition to Mr. Wuliger's Motion to Transfer Case be extended until on or before the expiration of ten (10) days after the date that this Court has ruled on Plaintiffs' Motion to Remand, if, in light of the resolution of the remand issue, such brief in opposition remains necessary.

Dated: March 11, 2005

Respectfully submitted,

    /s/ David P. Primack
Warren T. Pratt (#4334)
David P. Primack (#4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
302-467-4200

OF COUNSEL

Stephen C. Baker
Michael J. Miller
Timothy J. O'Driscoll
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
215-988-2700