UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, SOUTHWESTERN LIFE INSURANCE COMPANY, and VALLEY FORGE LIFE INSURANCE COMPANY,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ALPHA CAPITAL GROUP, LLC, LIBERTE CAPITAL GROUP, LLC, and WILLIAM T. WULIGER, as Receiver,<br><br>　　Defendants. | CASE NO. 05-117 (GMS) |

Filed March 28, 2005

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND**

---

David P. Primack (#4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
302-467-4200

Stephen C. Baker
Michael J. Miller
Timothy J. O'Driscoll
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
215-988-2700

Attorneys for Plaintiffs,
Reassure America Life Insurance Company,
Southwestern Life Insurance Company, and
Valley Forge Life Insurance Company

**TABLE OF CONTENTS**

TABLE OF AUTHORITES .................................................................................................ii

STATEMENT OF THE NATURE
AND STAGE OF THE PROCEEDING..................................................................................1

SUMMARY OF ARGUMENT ..............................................................................................2

STATEMENT OF FACTS .....................................................................................................2

LEGAL ARGUMENT............................................................................................................6

    POINT I .......................................................................................................................6

    The Fact That Alpha Is A Delaware Corporation
    Prevents Removal On The Basis of Diversity ..............................................................6

    POINT II ......................................................................................................................8

    The Delaware State Court Case Does Not
    Present a Federal Question...........................................................................................8

    POINT III...................................................................................................................10

    Supplemental Jurisdiction Cannot be
    Employed to Remove a State Court Case .................................................................11

    POINT IV...................................................................................................................11

    The Plaintiffs Are Entitled to Costs and Attorneys'
    Fees on this Motion for Remand................................................................................11

CONCLUSION....................................................................................................................11

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, SOUTHWESTERN LIFE INSURANCE COMPANY, and VALLEY FORGE LIFE INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALPHA CAPITAL GROUP, LLC, LIBERTE CAPITAL GROUP, LLC, and WILLIAM T. WULIGER, as Receiver,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 05-117 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW OF PLAINTIFFS
IN SUPPORT OF MOTION FOR REMAND**

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This is an insurance coverage dispute. The plaintiffs are the issuers of various life insurance policies that were obtained by fraud and/or with an intention to "viaticate" (i.e., with an intention for sale on the "viatical" market). The corporate defendants are the companies that acquired these invalid policies from the original purported insureds. The remaining defendant is the receiver that is managing the affairs of the corporate defendants.

The plaintiffs' lawsuit was commenced to preserve their rights in connection with the policies at issue. The plaintiffs commenced this litigation in state court in Delaware because one of the corporate defendants (although now defunct) is domiciled in Delaware.

The receiver for the defendants has removed the matter to federal court.

PHLIT\522513\1

## SUMMARY OF ARGUMENT

1.  As alleged in the complaint, one of the viatical companies is domiciled in Delaware, and removal on the basis of diversity jurisdiction is therefore not permissible.

2.  The fact that the Delaware state court case is related to the receivership does not mean that the Delaware state court case is "subsumed" into the receivership and that removal on grounds other than diversity is proper. Indeed, the grounds for removal must be set forth in the complaint, and here no such grounds are present.

3.  Finally, despite the receiver's suggestions, supplemental jurisdiction is not a permissible grounds for removal.

4.  For these reasons, this matter should be remanded to state court, and the plaintiffs should be awarded their costs and attorneys' fees.

## STATEMENT OF FACTS

The viatical industry emerged in the late 1980s and early 1990s as a means for terminally ill life insurance policyholders (known in the industry as "viators") to convert their policies into cash. (See Complaint[1] at ¶13.) To convert their policies into cash, the viators sell their life insurance policies at prices discounted from the face values of the policies to viatical settlement providers (like the corporate defendants) that, in turn, market such policies to investors. (See Complaint at ¶12.) The investors typically purchase, from the viatical settlement providers, the right to receive percentages of the life insurance benefits due under the policies at the time of the viators' deaths. (See Complaint at ¶¶12 & 15.)

---

[1] A true and correct copy of plaintiffs' Complaint is attached hereto as Exhibit "A."

Various improper practices have been discovered in the viatical industry. (See Complaint at ¶15.) For example, many viatical companies have perpetrated frauds on investors, by convincing investors that certain life insurance policies were likely to produce policy proceeds (as a result of policyholder deaths) sooner than the actuarial data suggested. (See Complaint at ¶15.) More importantly for the purposes of this lawsuit, many viatical companies have also perpetrated frauds on the life insurers, by assisting applicants in obtaining life insurance policies based on false representations regarding health and with an intent to viaticate.[2] (See Complaint at ¶15.)

Liberte Capital Group, L.L.C. ("Liberte") and Alpha Capital Group, L.L.C. ("Alpha") (which is domiciled in Delaware) were viatical settlement providers that are now in receivership in a consolidated action captioned as *Liberte Capital Group v. Capwill, et al.*, Case No. 5:99cv818 (N.D. Ohio) (the "receivership"). (See Complaint at ¶2.) The plaintiffs believe that many of the policies that are the subject of the receivership were obtained by fraud and/or with an intent to viaticate. (See Complaint at ¶33.) In part, this belief is based on findings by the United States Department of Justice that at least 556 of the 994 policies viaticated by Liberte were obtained by fraud. (See Complaint at ¶29.)

The court presiding over the receivership has issued multiple orders regarding the rights of the insurers to commence satellite litigation to assert their rights. (See Complaint at ¶31.) For example, in connection with an order that forbade the receiver from selling certain Liberte policies, the court stated that it was not depriving "insurers of

---

[2] Life insurance policies procured with an intent to viaticate lack an insurable interest. In the absence of an insurable interest, these contracts are the equivalent of illegal wagering contracts and are voidable by the insurer.

any defenses available against the receiver or any transferee of the receiver" and that it was "not adjudicating the respective rights of . . . the receiver . . . or any insurer regarding any policy." (See Complaint at ¶31.) The court also provided that "those issues as to specified policies may be subject of future litigation in this or other courts of competent jurisdiction." (See Complaint at ¶31.)

The current receiver is William T. Wuliger. (See Complaint at ¶10.) After multiple dealings with the receiver, the plaintiffs elected, on January 13, 2005, to commence litigation, in Delaware state court (the "Delaware State Court Case"), to resolve their differences with the receiver with respect to the policies. (See Complaint generally.)

The counts in the complaint raise only questions of state law. These questions are summarized as follows:

> Counts I and II seek a declaration that the incontestable clauses in the insurance policies will be inapplicable to the extent that Alpha or Liberte were involved in the procurement of their policies through fraud and/or with an intent to viaticate.
>
> Counts III and IV seek indemnification or damages from Alpha and Liberte for insurance policy proceeds that have already been paid (but which plaintiffs now realize should not have been paid) on policies that were procured by fraud and/or with an intent to viaticate.
>
> Counts V and VI seek a declaration that, with respect to active insurance policies procured by fraud and/or with an intent to viaticate, no proceeds or premiums are owed, and plaintiffs should be compensated for any additional damages suffered as a result of the issuance of those policies.
>
> Count VII seeks a declaration that, with respect to policies that might not have been procured by fraud and/or with an intent to viaticate, plaintiffs should be entitled to a common law set-off for the other damages sought in the complaint.

(See id.)

In the Delaware State Court Case, the plaintiffs and defendants are of diverse citizenship, and the amount in controversy is in excess of $75,000, exclusive of interest and costs. Additionally, Alpha, which is one of the defendants, was incorporated in the state of Delaware. (See Complaint at 8.) On June 1, 2003, Alpha was dissolved by the state of Delaware for failure to pay its taxes. (See Delaware Corporation Records, a true and correct copy of which is attached hereto as Exhibit "B.")

On February 25, 2005, the receiver filed a Notice of Removal, and removed this action to this Court. Three days later, on February 28, 2005, the receiver filed an Amended Notice of Removal. In his Notice of Removal and in his Amended Notice of Removal (collectively, the "Notices of Removal"), the receiver alleged the following grounds for removal:

> "The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(1) as a result of the diverse citizenship of the parties hereto, and the fact that no Defendant is currently a citizen of the state of Delaware;"
>
> "[T]he original jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1441(a) because the matter is subsumed by Liberte v. Capwill, Case No. 99cv818, which is currently pending in the U.S. District Court for the Northern District of Ohio, Western Division;" and
>
> "The supplemental jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §1367(a) because the matter is so related to claims in Liberte v. Capwill, Case No. 99cv818, currently pending in the U.S. District Court for the Northern District of Ohio, Western Division, as to form part of the same case or controversy."

(See D.I. #1, #2.)

Because the Notices of Removal are deficient, the plaintiffs, in this motion, seek to remand this matter to Delaware state court.

## LEGAL ARGUMENT

### Point I

### The Fact That Alpha is a Delaware Corporation Prevents Removal On The Basis Of Diversity.

In a case where the alleged federal court subject matter jurisdiction is diversity of citizenship, removal of the case from state court is possible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. §1441(b). Accordingly, on its face, the receiver's first alleged ground for removal (i.e., that removal is appropriate because the parties are of diverse citizenship and "no defendant is currently a citizen of the state of Delaware") does not appear deficient.

However, upon a more thorough examination, the receiver's first ground for removal is fatally flawed because Alpha is in fact a citizen of the state of Delaware. More importantly, the complaint in this matter asserts that Alpha is a citizen of the state of Delaware.

Subject only to certain exceptions (which do not apply and have not been alleged in this case), it is a well-established rule that the grounds a defendant may assert to remove a case are limited to those that are apparent from the face of the complaint. *See La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339 (3rd Cir. 1974) (holding that federal question jurisdiction must appear on face of complaint, and if it does not appear there, no statement in petition for removal can supply that want); *Motores, S.A. v. Eagle Nat'l Bank*, 632 F. Supp. 645 (S.D. Florida 1986) (holding that controversy with respect to federal right must be disclosed upon face of complaint unaided by answer or by petition

for removal). In the instant case, because the complaint does not contain an allegation to support the receiver's first argument for removal, removal is simply not appropriate.

Further, even if the receiver was permitted to introduce evidence which contradicts the allegations contained in the complaint, by alleging that no defendant is "currently" a citizen of Delaware (as alleged in the Notice of Removal at ¶9), the case must still be remanded to state court. Alpha, despite its current corporate status and receivership, remains a citizen of the state of Delaware until June 1, 2006, for two reasons.

First, the fact that an entity is insolvent or in receivership does not dissolve its corporate status. *See DuPont v. Standard Arms Co.*, 9 Del. Ch. 315, 81 A. 1089 (1912); *In re International Reinsurance Corp.*, 29 Del. Ch. 34 (1946); *Haas v. Sinaloa Exploration & Dev. Co.*, 17 Del. Ch. 253 (1930). Therefore, put simply, the appointment of a receiver does not cut short a corporation's legal existence. *See DuPont v. Standard Arms Co.*, 9 Del. Ch. 315 (1912).

Second, even if Alpha was to argue that, due to its involuntary dissolution by the Delaware State Government on June 1, 2003, it was no longer a Delaware Corporation, this argument would also fail because Delaware statute expressly provides that:

> [a]ll corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for a term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them....

*See* 8 Del. C § 278. According to the clear and unambiguous language of this statute, Alpha may sue or be sued in its capacity as a Delaware corporation for three years after

its involuntary dissolution which occurred on June 1, 2003. Here, the Delaware complaint was filed on January 13, 2005 - which is less than 3 years after June 1, 2003, the date that Alpha was dissolved.

## Point II

### The Delaware State Court Case Does Not Present a Federal Question.

The receiver's second alleged ground for removal is that, even if there is no diversity, removal is still permissible because the Delaware State Court Case is "subsumed" in the receivership. (See Notice of Removal at ¶10.) Although not articulated, this appears to be an argument that removal is somehow appropriate because the complaint in the Delaware State Court Case raises what is commonly referred to as a "federal question."[3]

However, under the removal statute, plaintiffs are not required to guess what grounds of removal are being asserted by defendants; rather, defendants are required to specifically allege the grounds upon which the federal jurisdiction rests. On this, the removal statute specifically requires a "short and plain statement of the grounds for removal . . . ." *See* 28 U.S.C. § 1446(a). Additionally, the cases interpreting this statute are clear and require the removing party to specifically allege the grounds upon which the federal court's jurisdiction rests. *See Estate of Fitzpatrick v. Brehm*, 580 F. Supp. 731 (W.D. Ark. 1984); s*ee also Sanchez v. Sanchez*, 424 F. Supp. 451 (S.D. N.Y. 1977). A party's failure to comply with that requirement is, by itself, adequate and independent ground for remand of a case to state court.

---

[3] A federal question is a question of law which "arises under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.

The Notice of Removal presently before the court states only that the Delaware State Court Case is "subsumed" by the receivership. Based on the language of the statute and the cases interpreting that language, the Notice of Removal is deficient. Indeed, this unsupported assertion is no more than an inaccurate conclusion of law, which does nothing to establish a federal court's jurisdiction to hear the case. Because of the defendant's failure to plead any facts which establish a federal question, and therefore, a right to removal, this case must be remanded to state court.

Significantly, however, even if the Notice of Removal was somehow deemed to be sufficiently specific (which it is not), this case would still not survive a motion to remand. This is because, on the face of the complaint, the Delaware State Court Case raises no federal questions. As discussed above, the Delaware State Court Case is an insurance coverage dispute. The counts of the complaint are firmly grounded in state contract, tort, and set-off law. None of the counts "aris[e] under the Constitution, treaties or laws of the United States."

It should also be noted that, even if the receiver's use of the term "subsumed" was sufficiently specific to assert that removal was proper because the Delaware State Court case was related to the receivership, the case must still be remanded. This is because, quite simply, the original federal jurisdiction required to accomplish removal can not be obtained by arguing that the removed case is related to another case in federal court. *See Fabricius v. Freeman*, 466 F.2d 689 (7th Cir. 1927) (holding that a related case pending in federal court is not in itself sufficient grounds for removal under Section 1441). Any other result would be in violation of the language contained in the removal statute which requires "the district court [to] have original jurisdiction" over the state court case that the

defendant is seeking to remove. *See* 28 U.S.C. § 1441(a); *see also Gardner v. Clark Oil & Refining Corp.*, 383 F. Supp. 151 (E.D. Wis. 1974).

Finally, even if, for the sake of argument, we were to permit the removal analysis of the Delaware State Court Case to be based on the jurisdictional basis of the receivership, the receiver's argument still fails because even the federal court's jurisdiction over the receivership is not based on the Constitution, or a treaty or law of the United States. To the contrary, receiverships have evolved from equitable roots and judicial doctrine. *See United States v. Key*, 397 U.S. 322, 329 (1970); *Caplin v. Marine Midland Grace Trust Company*, 406 U.S. 416, 436 (1972).

## Point III

### Supplemental Jurisdiction Cannot be Employed to Remove a State Court Case.

In a final attempt to remove the case, the receiver argues that the supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367(a) because the matter is interrelated to the claims in the receivership. Once again, the receiver's argument is not viable. Well established is the principle that "supplemental jurisdiction does not allow a party to remove an otherwise unremovable action to federal court for consideration with a related action, even if such an approach would have the benefits of efficiency." *See Motion Control Corporation v. SICK, Inc.*, 2003 U.S. App. LEXIS 26380 (8th Cir., 2003); *Syngneta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002). This argument makes logical sense after a careful analysis of language used in Section 1441(a).

As previously stated, Section 1441(a) provides that removal is only proper where the federal court would have had "original jurisdiction" over the state court case that a party is seeking to remove. As the United States Supreme Court has recently explained,

supplemental jurisdiction by the language employed[4] in the statute creating it, does not qualify as "original jurisdiction."  *See Syngneta Crop Prot., Inc. v. Henson*, 537 U.S. 28 (2002).  Therefore, supplemental jurisdiction cannot provide the original jurisdiction that the receiver must show in order to qualify for removal.

## Point IV

### The Plaintiffs Are Entitled To Costs And Attorneys' Fees on this Motion For Remand.

When remanding a case, a district court is authorized to award just costs and any actual expenses, including  attorneys' fees, resulting from an improper removal.  *See* 28 U.S.C. §1447(c); *see also Dunkin Donuts of America v. Family Enterprises, Inc*., 381 F. Supp. 371 (D.C. Md. 1974).  Indeed, by including a reference to attorneys' fees in the statute, Congress intended that such fees could be awarded without any finding of bad faith.  *See, e.g,. Tenner v. Zurek*, 168 F.3d 328 (7th Cir. 1999).  However, where the non-removability of an action is clear, an award of costs and attorneys' fees is especially appropriate.  *See, e.g., LaMotte v. Roundy's,* 27 F.3d 314 (7th Cir. 1994); *Avitts v. Amoco Prod. Co*., 111 F.3d 30, *cert den*., 522 U.S. 977 (1997).

---

[4] Section 1367 provides in relevant part that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## CONCLUSION

For all of the foregoing reasons, this motion for remand should be granted, and the plaintiffs should be awarded their costs and attorneys' fees.

Dated: March 28, 2005

        Respectfully submitted,

        /s/ David P. Primack
        David P. Primack (#4449)
        DRINKER BIDDLE & REATH LLP
        1100 N. Market Street, Suite 1000
        Wilmington, DE 19801-1254
        302-467-4200

        Attorneys for Plaintiffs,
        Reassure America Life Insurance Company, Southwestern Life Insurance Company, and Valley Forge Life Insurance Company

        -and-

        Of Counsel
        Stephen C. Baker
        Michael J. Miller
        Timothy J. O'Driscoll
        DRINKER BIDDLE & REATH LLP
        One Logan Square
        18th & Cherry Streets
        Philadelphia, PA 19103
        215-988-2700