IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, SOUTHWESTERN LIFE INSURANCE COMPANY, and VALLEY FORGE LIFE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALPHA CAPITAL GROUP, LLC, LIBERTE CAPITAL GROUP, LLC, and WILLIAM T. WULIGER, as Receiver,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 05-117 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' EXPEDITED MOTION FOR EXTENSION OF THE TIME WITHIN WHICH PLAINTIFFS ARE PERMITTED TO RESPOND TO THE MOTION TO DISMISS OF DEFENDANT WILLIAM T. WULIGER**

Plaintiffs, by and through their attorneys, Drinker Biddle & Reath LLP, hereby move for an extension of the deadline to respond to the Motion to Dismiss filed by Defendant William T. Wuliger ("Mr. Wuliger"), and in support thereof aver as follows:

1.   Plaintiffs filed this action in the Superior Court for New Castle County, State of Delaware, on January 13, 2005.

2.   Mr. Wuliger was served with a copy of the complaint filed in state court on or about January 31, 2005.

3.   Mr. Wuliger filed a Notice of Removal with this Court on February 28, 2005, and filed an "Amended Notice of Removal" on March 2, 2005.  In his Notice of Removal, Mr. Wuliger averred that the case was removed on federal question and diversity of citizenship grounds.  In his Amended Notice of Removal, Mr. Wuliger averred that the case was removed on supplemental jurisdiction grounds.

WM\3845\1

4. In the days after Mr. Wuliger purported to remove the action to this Court, Plaintiffs examined whether the subject matter jurisdiction of this Court had been properly invoked. Plaintiffs concluded that jurisdiction had not been properly invoked, and therefore determined that Plaintiffs would file a motion to remand with this Court.[1]

5. On March 7, 2005, less than a week after filing his Amended Notice of Removal and without having filed any responsive pleading, Mr. Wuliger filed a Motion to Transfer Case to the Northern District of Ohio, Western Division.[2]

6. On March 11, 2005, Plaintiffs filed an Expedited Motion ("Plaintiffs' First Motion") to extend the time within which Plaintiffs would be permitted to file a brief in opposition to Mr. Wuliger's Motion to Transfer Case until on or before the expiration of ten (10) days after the date that this Court has ruled on Plaintiffs' Motion to Remand, if, in light of the resolution of the remand issue, any brief in opposition remained necessary.

7. In Plaintiffs' First Motion, Plaintiffs respectfully submitted that the interests of this Court and the parties would best be served by first addressing the issue of whether removal to this Court was proper in the first instance, before potentially addressing the issues raised by a motion to transfer the case to a different district. In addition, it was respectfully submitted that

---

[1] This case does not implicate this Court's federal question jurisdiction or supplemental jurisdiction. Removal would therefore only be proper on diversity of citizenship grounds and, because one of the defendants is a citizen of Delaware, removal was improper, and remand is appropriate.

[2] On March 7, 2005, Mr. Wuliger also filed a motion for a thirty-day extension of time to file an answer to Plaintiffs' complaint, in which motion Mr. Wuliger averred that he had not had time to draft an answer and that he needed additional time to draft a purported counterclaim. Mr. Wuliger did not first contact counsel for Plaintiffs to ask for such an extension; had he done so, Plaintiffs' counsel would have consented. Beyond the courtesy involved, Plaintiffs do not object to the extension Mr. Wuliger seeks for the very reason Plaintiffs sought an extension in Plaintiffs' First Motion and now seek an extension in the instant motion: this Court and the parties should not be put in the position of investing resources on motions and pleadings in this Court before the threshold decision of whether the case belongs here is resolved.

proceeding in this manner would best conserve the resources of the Court and the parties, and would be the most efficient method of proceeding from a case management standpoint.

8. Further, although Plaintiffs were permitted until March 30, 2005 to file their Motion to Remand under the Federal Rules of Civil Procedure, Plaintiffs represented to this Court in Plaintiffs' First Motion that Plaintiffs would file their Motion to Remand on or before March 28, 2005.

9. On March 14, 2005, this Court granted Plaintiffs' First Motion and ordered that Plaintiffs would be permitted to file a brief in opposition to Mr. Wuliger's Motion to Transfer Case until on or before the expiration of ten (10) days after the date that this Court has ruled on Plaintiffs' Motion to Remand, if, in light of the resolution of the remand issue, any brief in opposition remained necessary.

10. On March 28, 2005, Plaintiffs filed with this Court a Motion for Remand to Delaware state court.

11. On March 28, 2005, Mr. Wuliger filed with this Court a Motion to Dismiss Plaintiffs' Complaint.

12. Plaintiffs now respectfully request that the time within which Plaintiffs are permitted to file a brief in opposition to Mr. Wuliger's Motion to Dismiss be extended until on or before the expiration of ten (10) days after the date that this Court has ruled on Plaintiffs' Motion to Remand, if, in light of the resolution of the remand issue, any brief in opposition remains necessary.

13. As in Plaintiffs' First Motion, Plaintiffs respectfully submit that the interests of the Court and the parties would best be served by first addressing the issue of whether removal to this Court was proper in the first instance, before potentially addressing the issues raised by a motion to dismiss the case. In addition, and also as in Plaintiffs' First Motion, it is respectfully

submitted that proceeding in this manner would best conserve the resources of the Court and the parties, and would be the most efficient method of proceeding from a case management standpoint.

14. Plaintiffs' counsel has contacted Mr. Wuliger and sought his consent to the instant motion for extension, but Mr. Wuliger has refused to grant his consent.

15. Plaintiffs respectfully request that this Court consider the instant motion on an expedited basis, in light of the approaching existing deadlines.

*(Remainder of page intentionally left blank)*

WHEREFORE, Plaintiffs respectfully request that the time within which Plaintiffs are permitted to file a brief in opposition to Mr. Wuliger's Motion to Dismiss be extended until on or before the expiration of ten (10) days after the date that this Court has ruled on Plaintiffs' Motion to Remand, if, in light of the resolution of the remand issue, such brief in opposition remains necessary.

Dated: March 30, 2005

        Respectfully submitted,

        /s/ David P. Primack
        David P. Primack (#4449)
        DRINKER BIDDLE & REATH LLP
        1100 N. Market Street, Suite 1000
        Wilmington, DE 19801-1254
        302-467-4200

        Attorneys for Plaintiffs,
        Reassure America Life Insurance Company,
        Southwestern Life Insurance Company, and
        Valley Forge Life Insurance Company

                -and-

        Of Counsel
        Stephen C. Baker
        Michael J. Miller
        Timothy J. O'Driscoll
        DRINKER BIDDLE & REATH LLP
        One Logan Square
        18th & Cherry Streets
        Philadelphia, PA 19103
        215-988-2700