IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, *et al.*, | ) ) CASE NO. 01:05 CV 117 (GMS) ) |
| Plaintiffs, | ) **BRIEF IN SUPPORT OF** ) **DEFENDANT WULIGER'S** ) **MOTION TO RECONSIDER** |
| v. | ) **PLAINTIFF'S REQUEST FOR** ) **EXTENSION TO RESPOND** |
| ALPHA CAPITAL GROUP, LLC, *et al.*, | ) **TO MOTION TO DISMISS** ) |
| Defendants. | ) |

I.   INTRODUCTION

There are currently three substantive motions pending before this Court in the case-at-bar: (1) Defendant's Motion to Transfer Venue filed on March 7, 2005; (2) Defendant's Motion to Dismiss filed on March 24, 2005; and (3) Plaintiffs' Motion to Remand, filed on March 28, 2005. For practical purposes, the two pending defense motions seek alternative relief. The undersigned has requested that this Court consider first whether dismissal is warranted, and only in the event that this Court deems it is not, that the case be transferred to the U.S. District Court for the Northern District of Ohio.

In seeking an extension of time within which to respond to the undersigned's Motion to Transfer Venue, the Plaintiffs correctly noted that the motion would become moot if the Court were to determine that the case should be remanded to the state court. Clearly, if the case was not properly subject to removal, then it would also not be subject to transfer of venue to the Northern District of Ohio and a response to that request would be rendered unnecessary. Accordingly, the Plaintiffs were correct in asserting that deciding the remand motion before the transfer of venue motion "would best conserve the resources of the Court and the parties, and

2

would be the most efficient method of proceeding from a case management standpoint." Plaintiff's First and Second Motions for Extension, p. 3. The Plaintiffs have now reiterated that argument with respect to the undersigned's Motion to Dismiss. However, Plaintiffs' reasoning is simply not applicable in the second context; in fact, the opposite is true: the most efficient manner of proceeding, for both the parties and the Court, is to determine the dismissal issue first, and then, only if the suit is not dismissed, consider whether remand is appropriate.

## II. FRAUDULENT JOINDER OF IMPROPER RESIDENT DEFENDANT CANNOT OPERATE TO DEFEAT REMOVAL.

Removal based on diversity of citizenship is appropriate "if none of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). The undersigned submits that defendant Alpha Capital Group, LLC ("Alpha") was improperly joined as a party because an injunction issued by the U.S. District Court for the Northern District of Ohio in *Liberte Capital Group, et al., v. James A. Capwill, et al.,* Case No. 5:99 CV 818, precludes anyone from bringing suit against Alpha for any reason. See Motion to Dismiss, pp. 10, 16, 22-23. Moreover, the Plaintiffs have conceded that, but for the inclusion of Alpha as a defendant, removal would be appropriate on diversity grounds. Plaintiff's First and Second Motions for Extension, p. 2, note 1; Plaintiffs' Brief in Support of Motion for Remand, p, 6. Thus, in deference to the statute governing removal, this Court cannot properly assess the Plaintiffs' remand request without considering at least that portion of the undersigned's Motion to Dismiss that relates to Alpha's status as an improper defendant.

As noted by the U.S. Supreme Court:

"A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by

3

the defendant, if not a resident of the state in which the case is brought (section 28, Judicial Code [Comp. St. § 1010]); and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."

Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)(*citing* Wecker v. National Enameling & Stamping Co., 204 U.S. 175, 185 (1907)).  Improper joinder that is undertaken for the sole purpose of fraudulently defeating the right of removal for the true party in interest, cannot operate to defeat removal on diversity grounds.  Wilson, 257 U.S. at 98.  Fraudulent joinder is established when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Abels v. State Farm Fire & Cas. Ins. Co., 770 F.2d 26, 32 (3rd Cir. 1985)(*citation omitted*)  Joinder is also fraudulent if the complaint obviously fails to state a claim against the resident defendant.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111-12 (3rd Cir. 1990)(*citation omitted*).  In the case at bar, the joinder of the resident defendant (Alpha) was obviously improper.  In addition to the express injunction barring the commencement of suit against that entity by the receivership court, Alpha no longer has any interest in the disposition of the policies at issue in this case.  It is impossible to discern any reason for joining Alpha other than to defeat the undersigned's right to removal.  Such is the essence of fraudulent joinder.

      III.    RESOLUTION OF DEFENDANT'S MOTION TO DISMISS IS NOT CONTINGENT ON PLAINTIFFS' MOTION TO REMAND.

The sequence of resolution of the competing motions proposed by the Plaintiffs (i.e., disposition of Plaintiffs' Motion to Remand before consideration of Defendant's Motion to Dismiss) would not accomplish the stated goal of efficiency upon which they rely.  If this case is first remanded, the Motion to Dismiss will remain pending, and the Plaintiffs will have to

respond to it in any event; thus, "the resources of the … parties" are in no way affected by the order in which this Court addresses the currently pending motions.[1]  Furthermore, even if this Court were to remand the case based on Alpha's former status as a citizen of Delaware, since Alpha is clearly an improper party, the case will only become subject to removal again once the state court addresses the motion to dismiss on the merits; thus, "the resources of the Court" are also not ultimately conserved by ruling on remand first.  Accordingly, the procedure advanced by the Plaintiffs hardly results in a model of efficient case management.

Other courts have addressed virtually identical scenarios and determined that even if a case has not been properly removed, the U.S. District Court should either dismiss it or transfer venue to a court where both jurisdiction and venue would be proper, rather than remand it to a state court that also lacks jurisdiction.  *See* W.B. Derry v. Roadway Express, Inc., 248 F. Supp. 843 (E.D. Kentucky 1965); Mike Alberti Leasing, Inc. v. Crowdus, 1989 WL 41636 (D. Kan.).  In W.B. Derry v. Roadway Express, Inc., the plaintiff, a citizen of Kentucky, filed suit against three defendants in a Kentucky state court; two were citizens of Ohio and the third was a Kentucky state agency.  The Ohio defendants filed a petition to remove the case to federal court on diversity grounds.  Although the third defendant was a citizen of Kentucky, a state statute placed exclusive jurisdiction over suits against it with an Administrative Board of Claims.  The federal court refused to remand the case for improper removal, because the only basis for doing so would be the citizenship of an improper party; thus, remand would merely have delayed determination of the case on the merits.

> "The Department of Highways is clearly an improper party in this action since neither the Boyle Circuit Court nor this court has jurisdiction to entertain an original tort claim against it.  A remand to the state court because of improper

---

[1] The undersigned has also asserted various other grounds for dismissal (including, but not limited to the fact that the case was brought outside of the applicable statute of limitations), none of which could be rendered moot by the disposition of Plaintiffs' remand motion.

> removal would serve no useful purpose and would be likely to delay a determination on the merits of the action. The Department of Highways' motion to dismiss the complaint as to it should be sustained under the authority of Federal Rule 21 and the action should be allowed to proceed under this court's diversity jurisdiction."

W.B. Derry v. Roadway Express, Inc., 248 F. Supp. at 844. Similarly, in Mike Alberti Leasing, the court rejected the plaintiff's request to remand an improperly removed suit because it found that the state court also lacked jurisdiction to hear the dispute, holding:

> "A remand to state court would serve no purpose because the state court is without jurisdiction as well. The court determines the more appropriate remedy for the want of jurisdiction is to adhere to the suggestion of the United States to transfer the case to the Claims Court under 28 U.S.C. § 1631."

Mike Alberti Leasing, Inc. v. Crowdus, 1989 WL 41636, p. 3.

This case is no different. Like the defendant Kentucky agency in Derry, Alpha is clearly an improper defendant which must eventually be dismissed from the case, regardless of whether the remaining arguments in favor of dismissal are ultimately sustained. Upon Alpha's dismissal, the undersigned would simply re-file his petition for removal, and this Court would have to address his request to transfer venue. Accordingly, just as in Derry, remand for improper removal "would serve no useful purpose and would be likely to delay a determination on the merits of the action."

The undersigned submits that the Plaintiffs' response to his Motion to Dismiss is necessary for a resolution of this case on the merits, regardless of whether this Court eventually remands this case. In fact, it is the undersigned's motion that could render a response to the remand motion moot – not the other way around. Accordingly, the undersigned submits that his motion should be considered before (or at least simultaneously with) any ruling by this Court on Plaintiffs' Motion to Remand.

6

IV.     CONCLUSION

WHEREFORE, for the foregoing and any other reasons that may appear to this Court, the undersigned respectfully requests that this Court reconsider its March 31, 2005 Order extending the Plaintiffs time within which to file their response to <u>Defendant's Motion to Dismiss</u> until ten (10) days after disposition of the remand motion, order the Plaintiffs to respond thereto within a reasonable time, and delay ruling on the remand issue until after the Defendant's dismissal motion has been addressed.

Respectfully submitted,

\s\William T. Wuliger
WILLIAM T. WULIGER, RECEIVER, *pro se*
1340 Sumner Court
Cleveland, Ohio 44115
216/ 781-7777

CERTIFICATE OF SERVICE

      I hereby certify that on April 5, 2005, a copy of the foregoing was sent by regular U.S. mail, postage prepaid, to the following:

Warren T. Pratt, Esq.  
David P. Primack, Esq.  
Drinker, Biddle & Reath LLP  
1100 N. Market Street, Ste. 1000  
Wilmington, DE 19801-1254  
Attorneys for Plaintiffs

Stephen C. Baker, Esq.  
Michael Miller, Esq.  
Timothy O'Driscoll, Esq.  
Drinker, Biddle & Reath LLP  
One Logan Square  
18th & Cherry Streets  
Philadelphia, PA 19103  
Of Counsel

\s\William T. Wuliger  
WILLIAM T. WULIGER