IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, *et al.,* | ) ) ) | CASE NO.  01:05 CV 117 (GMS) |
| Plaintiffs, | ) ) ) | **OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** |
| v. | ) ) | |
| ALPHA CAPITAL GROUP, LLC, *et al.,* | ) ) | |
| Defendants. | ) | |

Now comes the Defendant, William T. Wuliger, Receiver, *pro se*, and hereby opposes the Plaintiffs' Motion for Remand.  A memorandum in opposition to the motion follows.

Respectfully submitted,

\s\William T. Wuliger
WILLIAM T. WULIGER, RECEIVER, *pro se*
1340 Sumner Court
Cleveland, Ohio 44115
216/ 781-7777
216/ 781-0621

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY, *et al.*, | ) ) ) | CASE NO. 01:05 CV 117 (GMS) |
| Plaintiffs, | ) ) ) | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** |
| v. | ) ) | |
| ALPHA CAPITAL GROUP, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

I.   FACTUAL SUMMARY[1]

The corporate defendants in the case at bar, Alpha Capital Group, LLC ("Alpha") and Liberte Capital Group, LLC ("Liberte"), were formerly viatical settlement companies in the business of purchasing life insurance policies from elderly and/or terminally insureds (known as viators) and reselling the death benefits to individual investors.  *See* Complaint, paragraphs 24, 26.  To facilitate their transactions, the companies employed the services of an escrow agent, Viatical Escrow Services, LLC ("VES"), which was owned and operated by James A. Capwill.  *Id.*  In April 1999, both companies filed suit against Capwill and VES in *Liberte Capital Group, et al., v. James A. Capwill, et al.,* 5:99 CV 818, currently pending in the U.S. District Court for the Northern District of Ohio.  Complaint, paragraphs 25, 26.

In 1999, the court in *Liberte v. Capwill* established a receivership over Capwill's entities, which was subsequently expanded to include all life insurance policies funded by Alpha and/or Liberte investors (hereinafter the "General Receivership").[2]  Pursuant to the same case, Alpha

---

[1] In alternative motions to dismiss or transfer venue, the undersigned has already submitted a lengthy recitation of the history surrounding the establishment of the receiverships in his control, along with exhibits consisting of the relevant orders issued by the receivership court.  In the interest of brevity, he is not re-submitting those many attachments herewith, but rather incorporates them by reference.

[2] Order dated July 15, 1999, attached to Defendant's Motion to Dismiss as Exhibit A.

2

was placed in Receivership in October 2001 (hereinafter the "Alpha Receivership").[3] The undersigned, Defendant William T. Wuliger is currently Receiver for both the General and the Alpha Receivership.[4] *See* Complaint, paragraph 32.  Defendant Liberte has never been placed in receivership.

The Receivership Court has adjudicated all policies within the General and Alpha Receiverships, including those policies listed as policies at issue in the Plaintiffs' Complaint, to be assets of the Receivership estates. In Orders dated July 17, 2002 and August 4, 2004, the receivership court declared that the undersigned "has full, complete and absolute right, title and interest to" all policies within the Alpha and Liberte portfolios, respectively.[5]  Significantly, on April 6, 2005, the Receivership Court issued a Memorandum Opinion and Order holding that Defendants Alpha and Liberte have no current interest in the disposition of the policies at issue in this case, finding the Plaintiffs in contempt for violating the court's injunction barring the commencement of suits against Alpha Capital Group and assertion of claims against assets of the Receivership, and enjoining Plaintiffs from continuing their pursuit of the case at bar.[6]

II.     LAW AND ARGUMENT

   A.     FRAUDULENT JOINDER OF IMPROPER RESIDENT DEFENDANT CANNOT OPERATE TO DEFEAT REMOVAL.[7]

Removal based on diversity of citizenship is appropriate "if none of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).  Defendant Alpha Capital Group, LLC

---

[3] Order dated October 29, 2001, attached to Defendant's Motion to Dismiss as Exhibit C.
[4] Orders dated October 29, 2001 and August 3, 2004, attached to Defendant's Motion to Dismiss as Exhibits C&D, respectively.
[5] Orders dated July 17, 2002 and August 4, 2004 (with attachments), attached hereto as Exhibits 1&2, respectively.
[6] Order dated April 6, 2005, attached hereto as Exhibit 3.
[7] In light of the Receivership Court's April 6, 2005 Order clearly refuting any claim that Alpha was properly joined in this action (and the resulting irrefutable conclusion that diversity jurisdiction exists), the undersigned does not feel it necessary to submit arguments in favor of the other grounds for removal he cited that have also been contested by the Plaintiffs. Nevertheless, he maintains that removal was proper under those grounds as well.

3

("Alpha"), the only defendant that is a citizen of Delaware, was improperly joined as a party because an injunction issued by the U.S. District Court for the Northern District of Ohio in *Liberte Capital Group, et al., v. James A. Capwill, et al.,* Case No. 5:99 CV 818, precludes anyone from bringing suit against Alpha for any reason.[8]  Moreover, the Plaintiffs have conceded that, but for the inclusion of Alpha as a defendant, removal would be appropriate on diversity grounds.  Plaintiff's First and Second Motions for Extension, p. 2, note 1; Plaintiffs' Brief in Support of Motion for Remand, p, 6.

> As noted by the U.S. Supreme Court:
>
> "A civil case, at law or in equity, presenting a controversy between citizens of different states and involving the requisite jurisdictional amount, is one which may be removed from a state court into the District Court of the United States by the defendant, if not a resident of the state in which the case is brought (section 28, Judicial Code [Comp. St. § 1010]); and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy."

Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)(*citing* Wecker v. National Enameling & Stamping Co., 204 U.S. 175, 185 (1907)).  Improper joinder that is undertaken for the sole purpose of fraudulently defeating the right of removal for the true party in interest, cannot operate to defeat removal on diversity grounds.  Wilson, 257 U.S. at 98.  Fraudulent joinder is established when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Abels v. State Farm Fire & Cas. Ins. Co., 770 F.2d 26, 32 (3rd Cir. 1985)(*citation omitted*)  Joinder is also fraudulent if the complaint obviously fails to state a claim against the resident defendant.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111-12 (3rd Cir. 1990)(*citation omitted*).

---

[8] Order dated February 13, 2002, attached to Defendant's Motion to Dismiss as Exhibit E; Exhibit 3, pp. 2-3.

In the case at bar, the joinder of the resident defendant (Alpha) was clearly improper. There are no grounds supporting any claim, and no possibility of any recovery, against Alpha. In addition to the express injunction barring the commencement of suit against that entity by the Receivership Court, Alpha no longer has any interest in the disposition of the policies at issue in this case. It is therefore impossible to discern any reason for joining Alpha other than to defeat the undersigned's right to removal. In its April 6, 2005 Order, the Receivership Court stated as much, holding:

> "The suit filed by the insurers in Delaware State Court clearly exceeds the scope of the limited litigation authorization established by this Court … because it names as defendants improper parties with no interest in the policies at issue…. Moreover, in light of this Court's Order expressly enjoining the commencement of suit against receivership entity Alpha Capital Group (Doc. No. 1416), it appears that the insurers' sole purpose for joining Alpha as a defendant was to defeat the Receiver's diversity claim, force him to defend the action in a distant forum *non conveniens,* and unnecessarily increase the litigation costs to the Receivership estate. Such a purpose is improper and violates both the express language and the spirit of this Court's Orders."[9]

As a fraudulently joined defendant, Alpha's residency is immaterial to the propriety of removal.

### B. RESOLUTION OF DEFENDANT'S MOTION TO DISMISS IS NOT CONTINGENT ON PLAINTIFFS' MOTION TO REMAND.

Even if a case has not been properly removed, when the state court also lacks jurisdiction, rather than remand it, the federal court hearing the matter should either dismiss the case entirely or transfer venue to a court where both jurisdiction and venue would be proper. *See e.g.'s,* W.B. Derry v. Roadway Express, Inc., 248 F. Supp. 843 (E.D. Kentucky 1965); Mike Alberti Leasing, Inc. v. Crowdus, 1989 WL 41636 (D. Kan.).

Defendant Alpha, the cash assets of the Receivership, and the policies at issue in the case at bar constitute property that is *in custodia legis* of the U.S. District Court for the Northern District of Ohio and no other court is entitled to pass on the rights and obligations thereunder

---

[9] Exhibit 3, p. 4.

without the express consent of the court with exclusive jurisdiction over the *res*.  Barton v. Barbour, 104 U.S. 126 (1881); Peale v. Phipps, 55 U.S. 368 (1852)(invalidating judgment against assets of property in receivership).  *See also,* Modart, Inc. v. Penrose Industries Corp., 404 F.2d 72, 73-74 (1968).  That Court has not given its consent.  To the contrary, it has expressly forbidden any suits against Alpha, or claims against the cash assets of the Receivership estate.  As a result, it would be pointless to remand this case to the Delaware State Court.

The *Derry* Court, which denied a remand request despite an improper removal, was faced with a factually similar situation.  In that case, the plaintiff, a citizen of Kentucky, filed suit against three defendants in a Kentucky state court; two were citizens of Ohio and the third was a Kentucky state agency.  The Ohio defendants filed a petition to remove the case to federal court on diversity grounds.  Although the third defendant was a citizen of Kentucky, a state statute placed exclusive jurisdiction over suits against it with an Administrative Board of Claims.  The federal court refused to remand the case for improper removal, because the only basis for doing so would be the citizenship of an improper party; thus, remand would merely have delayed determination of the case on the merits.

> "The Department of Highways is clearly an improper party in this action since neither the Boyle Circuit Court nor this court has jurisdiction to entertain an original tort claim against it.  A remand to the state court because of improper removal would serve no useful purpose and would be likely to delay a determination on the merits of the action.  The Department of Highways' motion to dismiss the complaint as to it should be sustained under the authority of Federal Rule 21 and the action should be allowed to proceed under this court's diversity jurisdiction."

W.B. Derry v. Roadway Express, Inc., 248 F. Supp. at 844.  Similarly, in Mike Alberti Leasing, the court rejected the plaintiff's request to remand an improperly removed suit because it found that the state court also lacked jurisdiction to hear the dispute, holding:

6

> "A remand to state court would serve no purpose because the state court is without jurisdiction as well. The court determines the more appropriate remedy for the want of jurisdiction is to adhere to the suggestion of the United States to transfer the case to the Claims Court under 28 U.S.C. § 1631."

Mike Alberti Leasing, Inc. v. Crowdus, 1989 WL 41636, p. 3.

This case is no different. Alpha is an improper defendant which must eventually be dismissed from the case, regardless of whether the remaining arguments in favor of dismissal are ultimately sustained. Moreover, as asserted in Defendant's Motion to Dismiss, the Delaware State Court has no personal jurisdiction over the remaining defendants.[10] Upon Alpha's dismissal, the undersigned would simply re-file his petition for removal, and this Court would have to address his request to transfer venue. Accordingly, just as in Derry, remand for improper removal "would serve no useful purpose and would be likely to delay a determination on the merits of the action."

      C.    PLAINTIFFS ARE NOT ENTITLED TO COSTS OR ATTORNEYS FEES.

The Plaintiffs argue that they are entitled to recover costs and attorneys fees resulting from improper removal. Their argument is meritless. While federal courts have discretion to award such expenses absent bad faith, they routinely abstain from issuing such awards unless the petition for removal is clearly groundless. *See e.g.'s,* Roxbury Condominium Assn., Inc. v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3rd Cir. 2003)(District Court abused its discretion by awarding attorney's fees based on an unsuccessful but "colorable removal claim in an area of unsettled law); Mints v. Educational Testing Service, 99 F.3d 1253, 1261 (3rd Cir. 1996)("The assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial.")

In the case at bar, even the Plaintiffs concede that:

---

[10] Jurisdiction over the undersigned was premised solely on his position as Receiver over Alpha, a Delaware Corporation.

> "[O]n its face, the receiver's first alleged ground for removal (i.e., that removal is appropriate because the parties are of diverse citizenship and 'no defendant is currently a citizen of Delaware') does not appear deficient."

<u>Plaintiffs Brief in Support of Motion for Remand</u>, p. 6.  But, they claim, the petition is fatally flawed because even though defunct, Alpha remains a citizen of Delaware for purposes of litigation.  *Id.*, pp. 6, 7-8.  In light of the undersigned's claim that Alpha was improperly joined and the case law providing that fraudulent joinder cannot defeat diversity, a claim of diversity, as grounds for removal, is not "insubstantial."  Moreover, even if this Court ultimately rejects the fraudulent joinder argument, it cannot be said to be groundless, as is irrefutably evident from the fact that another Court has already made such a finding.[11]

At the very least, the undersigned's claim of diversity is colorable.  Accordingly, an award of attorneys fees for improper removal would be an abuse of discretion.

### IV.   CONCLUSION

Because Defendant Alpha, the only resident defendant, was fraudulently joined by the Plaintiffs, the case at bar was properly removed on grounds of diversity.  Furthermore, even assuming that the removal was improper, because the state court lacks jurisdiction to hear the case, remand would be inappropriate in any event.  Rather, the case should simply be dismissed.

    Respectfully submitted,

\s\ William T. Wuliger
WILLIAM T. WULIGER, RECEIVER, *pro se*
1340 Sumner Court
Cleveland, Ohio 44115
216/ 781-7777
216/ 781-0621

---

[11] Exhibit 3.

8

CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2005, a copy of the foregoing Motion to Reconsider was sent by regular U.S. mail, postage prepaid, to:

| | |
|---|---|
| Warren T. Pratt | Stephen C. Baker |
| David P. Primack | Michael Miller |
| Drinker, Biddle & Reath LLP | Timothy O'Driscoll |
| 1100 N. Market Street, Ste. 1000 | Drinker, Biddle & Reath LLP |
| Wilmington, DE 19801-1254 | One Logan Square |
| Attorneys for Plaintiffs | 18th & Cherry Streets |
| | Philadelphia, PA 19103 |
| | Of Counsel |

\s\William T. Wuliger
WILLIAM T. WULIGER