# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP, et al.,

                Plaintiff,                Case No. 5:99 CV 818

-vs-

                                        MEMORANDUM OPINION
JAMES A. CAPWILL, et al.,                 AND ORDER

                Defendant.

KATZ, J.

This matter is before the Court on the Receiver's Motion for an Order to Show Cause Why Southwestern Life Insurance Company, Reassure America Life Insurance Company, and Valley Forge Life Insurance Company Should Not be Held in Contempt and Motion for Injunction (Doc. Nos. 2310 and 2322), and the responses by the insurers (Doc. Nos. 2319 and 2326). At the center of this dispute is a complaint filed by the insurers against the Receiver, Alpha Capital Group and Liberte Capital Group in a Delaware State Court, which the Receiver contends violates this Court's prohibition against the proliferation of satellite litigation (*see* Doc. Nos. 132 and 1416). The insurers admit to filing such a suit (indeed, Southwestern provided a copy of the complaint to this Court on February 2, 2005), but contend that they were acting within the scope of the litigation exception carved out by this Court in an Order dated April 13, 2001 in the related case of *United States v. J. Richard Jamison, et al.,* Case No. 3:00 CV 7312, (*Jamieson* Doc. No. 149) and reiterated in this case on April 19, 2004 (Doc. No. 2167).

For the reasons that follow, the Court finds that Receiver's motions are well-taken, and are therefore granted.

This Court established a general injunction prohibiting any person or entity from interfering with the administration of the Receivership estate, and enjoining the commencement or continuation of any suit against the Receiver or the entities in Receivership, or from asserting any claims against the assets of the Receivership estate (Doc. Nos. 132 and 1416). The Receiver has been charged with maximizing the value of the Receivership estate for the benefit of the investors, and an injunction was therefore necessary to preserve and protect the assets thereof. Those assets include both cash assets and non-cash assets, the latter primarily consisting of life insurance policies funded by Alpha and Liberte investors which were adjudicated as assets of the Receivership on November 9, 1999 (Doc. No. 272, p. 3).

The Court is mindful of the fact that many insurance policies in the Receivership portfolios were fraudulently obtained. Indeed, the rescission of fraudulent policies accounts for a portion of the losses sustained by the investors in this case. Accordingly, the Court has recognized the legitimate rights of insurers to contest the validity of the policies within the Receiverships' portfolios or to otherwise challenge their financial obligations thereunder. The invalidation of a fraudulent policy does not diminish the value of the Receivership estate because such a policy is void *ab initio,* and therefore, any previously recognized value was merely illusory from its inception. Accordingly, on April 13, 2001, this Court made clear that, despite the general injunction referenced above, insurers are entitled to litigate the value of the non-matured policies within the Receivership estates (*Jamieson* Doc. No. 149). On its face, that Order limited the exception to suits "against the Receiver or any transferee of the Receiver."

Notwithstanding the above, this Court has never authorized suits against the entities in Receivership, including Alpha Capital Group, which was placed in Receivership on October 29, 2001

2

(Doc. No. 1290). Furthermore, neither can such an authorization be reasonably inferred from the Orders permitting an exception for litigation regarding the validity of policies within the Receivership estates (as the insurers suggest), because Alpha did not retain any property interest in any policy within the General or Alpha Receivership portfolios that could subject it to suit under the specific litigation exception.

As indicated above, the policies purchased by Alpha prior to the initiation of this case were adjudicated as assets of the Receivership estate on November 9, 1999 (Doc. No. 272). As a result, Alpha retained no property interest therein when this Court first articulated the limited litigation exception on April 13, 2001. Moreover, any policies acquired by Alpha after November 9, 1999 were adjudicated as assets of the Alpha Receivership in an Order dated July 17, 2002 (Doc. No. 1658), which declared unequivocally that "the Alpha Receiver, William T. Wuliger, Esq., has full, complete and absolute right, title and interest" thereto. Thus, at the time this Court reiterated the litigation exception on April 19, 2004 (making clear that its terms applied to the policies within the Alpha Receivership estate as well as the General Receivership estate), Alpha no longer had any property interest in those policies.

Additionally, this Court has never authorized claims against the cash assets in the Receivership estate, including claims against proceeds deriving from fraudulently obtained life insurance policies. In fact, this Court specifically held that any challenge to the validity of a life insurance policy within the Receivership portfolio must be raised prior to the viator's death, if at all, stating:

> "[T]he Receiver shall be permitted to accept death benefits on any mature policy, providing he has not received a *prior* notice of rescission or cancellation from any insurance company and that said policy has not been the subject of a prior order of any court of competent jurisdiction declaring such policy to be void due to fraud on the insurer."

3

(*Jamieson* Doc. 149, emphasis added).

The suit filed by the insurers in Delaware State Court clearly exceeds the scope of the limited litigation authorization established by this Court, both because it names as defendants improper parties with no interest in the policies at issue, and because it asserts claims against the cash assets of the Receivership estates. Moreover, in light of this Court's Order expressly enjoining the commencement of suit against receivership entity Alpha Capital Group (Doc. No. 1416), it appears that the insurers' sole purpose for joining Alpha as a defendant was to defeat the Receiver's diversity claim, force him to defend the action in a distant forum *non conveniens,* and unnecessarily increase the litigation costs to the Receivership estate, all to the detriment of the defrauded investors. Such a purpose is improper and violates both the express language and the spirit of this Court's Orders.

In light of the insurers' admissions, this Court finds the Receiver's motions (Doc. Nos. 2310 and 2322) to be well taken and granted. Southwestern Life Insurance Company, Reassure America Life Insurance Company, and Valley Forge Life Insurance Company are held to be in contempt of Court for violating this Court's Orders of July 15, 1999 (Doc. No. 132) and February 13, 2002 (Doc. No. 1416). This Court specifically finds that the insurers were not acting within the scope of the limited litigation exception established by this Court on April 13, 2001 (*Jamieson* Doc. No. 149) and reiterated on April 19, 2004 (Doc. No. 2167).

Southwestern Life Insurance Company, Reassure America Life Insurance Company, and Valley Forge Life Insurance Company (collectively "the insurers") are hereby enjoined from continuing prosecution of their suit against Alpha Capital Group, Liberte Capital Group, and William T. Wuliger, Receiver, Case No. 1:05 CV 137, currently pending in the U.S. District Court for the District of

4

Delaware (formerly C.A. No. 05C-01-120 CHT, in the Superior Court for the State of Delaware in and for New Castle County), and shall file a notice of dismissal forthwith.

The insurers may file suit against the Receiver in a federal or state court in Ohio to litigate their financial obligations regarding any non-matured policies within the Receivership estate provided that they limit their claims to conform to the limited litigation exception previously articulated by this Court as clarified by this Order.

The Clerk is directed to serve the following parties/individuals with this Order:

> Reassure America Life Insurance Co.
> 1275 Sandusky Road
> Jacksonville, IL 62650
>
> Valley Forge Life Insurance Co.
> 333 South Wabash Avenue
> Chicago, IL 60685
>
> Warren T. Pratt, Esq.
> David P. Primack, Esq.
> Drinker Biddle & Reath LLP
> 1100 N. Market Street, Suite 1100
> Wilmington, DE 19801

The issue of sanctions for the insurers' contumacious conduct will be held in abeyance.

IT IS SO ORDERED.

                                         *s/ David A. Katz*
                                         DAVID A. KATZ
                                         U. S. DISTRICT JUDGE